```
                UNITED STATES DISTRICT COURT
                         FOR THE
                MIDDLE DISTRICT OF PENNSYLVANIA


DAVID R. DESPOT,                      :
                                      :
        Plaintiff,                    :  No. 4:03-CV-0931
                                      :
        vs.                           :  Complaint filed 06/04/03
                                      :
BANKERS LIFE AND CASUALTY COMPANY,    :  (Judge Muir)
                                      :
        Defendant                     :
```

**ORDER #1 of**

August 9, 2005

THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:

On June 4, 2003, Plaintiff David R. Despot initiated this action by filing a *pro se* complaint. The following three motions are pending in this case: 1) Defendant Bankers Life and Casualty Company's (hereinafter "Bankers Life") motion filed on May 27, 2005, to extend to July 15, 2005, the deadline for filing dispositive motions; 2) Bankers Life's motion for summary judgment filed on May 31, 2005; and 3) Despot's motion filed on July 4, 2005, to appoint counsel to represent him.

Bankers Life filed on May 27, 2005, a brief in support of its motion to extend the deadline for filing dispositive motions and to this date Despot has not filed an opposition brief. The briefing concerning Bankers Life's motion for summary judgment was complete upon the filing of Bankers Life's reply brief on July 20, 2005. Despite the fact that no additional briefs were to be filed with respect to Bankers Life's two motions since July

20, 2005, we did not view either of those motions to be ripe for disposition until we ruled on Despot's motion to appoint counsel. We took the position that Despot's motion to have counsel appointed should be addressed prior to the other two motions because if we granted Despot's motion then the appointed counsel would most likely seek an opportunity to submit briefs on the other tow motions.

Although Despot failed to file a brief in support of his motion to appoint counsel, on July 19, 205, Bankers Life filed a brief in opposition to the motion.  The time allowed for Despot to file a reply brief expired on August 5, 2005.  To this date no such brief has been filed.  Despot's motion to appoint counsel is ripe for disposition.

Despot has filed in this court a number of motions to appoint counsel to represent him.  In each instance, including the present motion, he has argues that he "cannot afford his own legal counsel." (Motion to Appoint Counsel, p. 1) Nonetheless, Despot concedes that his "average annual income in 2003-2005 has been approximately $90,000-$110,000, ..." and that his net worth is $68,000. (Id., p. 2)

We acknowledge the broad discretionary power to appoint counsel authorized under 28 U.S.C. § 1915(d). Tabron v. Grace, 6 F.3d 147, 153, 155-157 (3d Cir. 1993), *cert. denied*, 114 S.Ct. 1306 (1994); Ray v. Robinson, 640 F.2d 474, 477 (3d Cir. 1981).

The Court of Appeals for the Third Circuit has stated, however, that

> [o]f course, before appointing counsel under § 1915(d), courts should consider whether an indigent plaintiff could retain counsel on his or her own behalf. If counsel is easily attainable and affordable by the litigant, but the plaintiff simply has made no effort to retain an attorney, then counsel should not be appointed by the court.

Tabron, 6 F.3d 147, 157 n.5 (citing Cooper v. A. Sargenti Co., 877 F.2d 170, 172 (2d Cir. 1989)).

With respect to his efforts to obtain counsel on his own, Despot represents that he

> attempted to obtain legal help from both the Pennsylvania Bar Association Lawyer Referral Service and MidPenn Legal Services; however, Plaintiff wasn't eligible for representation based upon eligible income guidelines.

(Motion to Appoint Counsel, p. 1) In the light of his income and assets, we are of the view that one reason to deny Despot's renewed motion to appoint counsel is that he has simply made an insufficient effort to obtain counsel on his own. The Court of Appeals for the Third Circuit reached this same conclusion in denying Despot's motion to appoint counsel in his appeal from an order we issued in one of his other cases. *See* Despot v. Physicians Mutual Life Ins. Co., No. 04-3046, slip op. at 4 (3d Cir. Jan 24, 2005)("To the extent Despot is appealing the District Court's denial of his motion for appointment of counsel, we discern no abuse of discretion, since the financial information provided by Despot, in itself, supports denial of the

motion.")  However, that is not the only reason to deny Despot's current motion to appoint counsel.

Although § 1915(d) provides us with practically unfettered discretion to appoint counsel in a civil case, such discretion is usually reserved for those cases in which there is "a showing of special circumstances indicating the likelihood of substantial prejudice to him resulting, for example, from his probable inability without such assistance to present the facts and legal issues to the court in a complex but arguably meritorious case." Smith-Bey v. Petsock, 741 F.2d 22, 26 (3d Cir. 1984); Tabron, 6 F.3d at 155.

Based on the documents filed by Despot to this point in this court, he has demonstrated the ability to present competently the facts and issues to the court.  Despot has not presented sufficient reasons to appoint counsel to represent him in this case.

We will deny his motion to appoint counsel.

NOW, THEREFORE, IT IS ORDERED THAT:

Despot's motion to appoint counsel (Document 63) is denied.


                                        s/Malcolm Muir
                                        MUIR, U.S. District Judge

MM:ga

4