```
                  UNITED STATES DISTRICT COURT
                           FOR THE
                  MIDDLE DISTRICT OF PENNSYLVANIA


DAVID R. DESPOT,                    :
                                    :
         Plaintiff                  :   No. 4:03-CV-0931
                                    :
   vs.                              :   Complaint filed 06/04/03
                                    :
BANKERS LIFE AND CASUALTY COMPANY   :   (Judge Muir)
                                    :
         Defendant                  :
```

**ORDER #2 of**

August 9, 2005

THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:

This case was initiated on June 4, 2003, when Plaintiff David R. Despot filed a *pro se* complaint consisting of 37 pages and containing 27 counts.  Neither that complaint nor Despot's first amended complaint filed on October 24, 2003, alleged sufficient facts to state a claim upon which relief could have been granted.  By order dated January 22, 2004, we provided Despot one final opportunity to file an adequate amended complaint.

Despot's second amended complaint, consisting of 134 pages and containing the same 27 claims as the initial complaint, was filed on February 11, 2004.  On March 29, 2004, Defendant Bankers Life and Casualty Company (hereinafter "Bankers Life") filed a motion to dismiss the second amended complaint.  By order dated May 24, 2004, we granted that motion in part and denied it in

part by dismissing all but one of Despot's claims.  As a result of that order, Despot's sole remaining claim is that entitled "Discrimination (Gender/Sex)," which is set forth in count 9 of the second amended complaint.

On May 31, 2005, Bankers Life filed a motion for summary judgment as to Despot's remaining discrimination claim.  On that same date Bankers Life filed a statement of material facts and a supporting brief.  On June 6, 2005, Bankers Life filed its appendix of supporting exhibits.

Despot's initial response to the summary judgment motion was a 58-page document entitled "Plaintiff's June 13, 2005, Preliminary and Partial Response to Defendant's May 31, 2005 Motion for Summary Judgment."  Primarily because the length of that document violated this court's local rules, on June 17, 2005, we issued an order in which we 1) struck that document from the record, and 2) allowed Despot twenty days from the date of the order to file an opposition brief which complied with the local rules and the Federal Rules of Civil Procedure.  On July 7, 2005, Despot timely filed such a brief, which he entitled "Plaintiff's July 4, 2005 Preliminary and Partial Response to Defendant's May 31, 2005 Motion for Summary Judgment and June 17, 2005 Court Order."

Bankers Life filed its reply brief on July 20, 2005.  We did not view the summary judgment motion to be ripe upon the filing

of that reply brief because at that time there remained pending a motion filed by Despot on July 4, 2005, to appoint counsel to represent him.  In the event that Despot's motion were granted, we presumed that any appointed counsel would seek to file a brief opposing the summary judgment motion.  In our order #1 of this date we denied Despot's motion to appoint counsel.  The denial of that motion has ripened for disposition Bankers Life's motion for summary judgment.

Summary judgment is appropriate only when there is no genuine issue of material fact which is unresolved and the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(c).  Summary judgment should not be granted when there is a disagreement about the facts or the proper inferences which a fact finder could draw from them. Peterson v. Lehigh Valley Dist. Council, 676 F.2d 81, 84 (3d Cir. 1982).  "When a motion for summary judgment is made and supported as provided in ...[Rule 56], an adverse party may not rest upon mere allegations or denials of the adverse party's pleading...." Fed. R. Civ. P. 56(e).

Initially, the moving party has a burden of demonstrating the absence of a genuine issue of material fact. Celotex Corporation v. Catrett, 477 U.S. 317, 323 (1986).  This may be met by the moving party pointing out to the court that there is an absence of evidence to support an essential element as to


which the non-moving party will bear the burden of proof at trial. Id. at 325.

Rule 56 provides that, where such a motion is made and properly supported, the adverse party must show by affidavits, pleadings, depositions, answers to interrogatories, and admissions on file that there is a genuine issue for trial. Fed. R. Civ. P. 56(e). The United States Supreme Court has commented that this requirement is tantamount to the non-moving party making a sufficient showing as to the essential elements of their case that a reasonable jury could find in favor of the non-moving party. Celotex Corporation v. Catrett, 477 U.S. 317, 322-23 (1986).

When addressing a motion for such a judgment, our inquiry focuses on "whether the evidence presents a sufficient disagreement to require submission to the jury or whether it is so one-sided that one party must prevail as a matter of law." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251-52 (1986)(emphasis added). As summarized by the Advisory Committee On Civil Rules, "[t]he very mission of the summary judgment procedure is to pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial." Fed. R. Civ. P. 56 advisory committee note to 1963 Amendment. We will apply those principles to the following undisputed material facts.

Despot's second amended complaint filed on February 11, 2004, contained twenty-seven counts. However, for the reasons noted above, on May 24, 2004, we issued an order in which we dismissed all but one of Despot's claims. Paragraph five in the dispositive portion of that order expressly provides as follows: "The sole remaining claim is that entitled 'Discrimination (Gender/Sex)' in count 9 as it relates to Bankers Life." (Order of May 24, 2004, p. 32) Consequently, we need only consider whether Bankers Life is entitled to summary judgment on that claim.

Before proceeding to the substantive merits of the summary judgment motion, we pause to note two significant threshold matters. The first relates to the statement of material facts filed by Bankers Life in support of its motion for summary judgment. That statement consists of twenty-one pages and one hundred and thirty-two paragraphs. For the reasons discussed below, we need not rely on the vast majority of those facts in ruling on the summary judgment motion. Nonetheless, Despot's failure to file a counter-statement of material facts, or any other response to Bankers Life's statement of material facts, allows us to deem all of the facts in Bankers Life's statement to be admitted by Despot. M.D. Local Rule 56.1 ("All material facts set forth in the statement required to be served by the moving party will be deemed admitted unless controverted by the

statement required to be served by the opposing party.")

The second threshold matter relates to the title of the brief Despot filed in opposition to the summary judgment motion. The document is entitled "Plaintiff's July 4, 2005 <u>Preliminary and Partial Response</u> to Defendant's May 31, 2005 Motion for Summary Judgment and June 17, 2005 Court Order." (Emphasis added) In the document Despot asserts that we should not act on the summary judgment motion at this time

> as a result of the various outstanding matters in the case, for example and partially including: (1) Waiting for EEOC; (2) Waiting for Honorable Appeals Court; (3) Issues regarding other Causes of Action and how and when to deal with these issues within this Honorable Court and/or within Honorable Court of Appeals – as other causes of action in addition to Discrimination (Gender/Sex) are relative and apply to this case; (4) Issues involving Legal Counsel and Due Process; (5) Issues involving Legal Counsel and American Judicature Society; (8) Issues involving Statute of Limitations; (9) Issues involving Pro Se Litigant's Complaint; (10) Issues involving Pro Se Litigant's Complaint and Motion to Dismiss; (11) Issues involving Fraud; (12) Issues involving Jurisdictions and Statute of Limitations; (15) Issues involving Equity Based Decisional Rule of Tolling; (16) Issues involving the Canons of Judicial ethics; (17) Issues involving Pre Se Litigant's [sic] and Federal/State Courts and Meritorious claims; (18) Issues involving Pro Se Litigants and Federal Case; (19) Issues involving Pro Se Litigants and Federal Case and General Standard; (20) Issues involving Judge's Journal and American Bar Association; (21) Issues involving Discovery; (22) Issues involving Motion to Dismiss; (23) Issues involving Genuine Issues For Trial; (24) Issues involving Employment Agreement/Contract. Furthermore this case should be continued and proceed to trial for any one (emphasis added) of the reasons listed above or others so that proper justice under the law is served in favor of the Plaintiff against the Defendant.

(Opposition Brief, pp. 1-2)  For the reasons set forth in detail

below, of those twenty-four asserted grounds to postpone ruling on the summary judgment motion, we need only address the first one ("Waiting for EEOC") in this order.

With respect to his sex discrimination claim, Despot alleges that he was harmed by various decisions made and actions taken by Bankers Life throughout the tenure of Despot's employment and that those harmful acts culminated in the termination of his employment which became effective on February 28, 2002.

Despot's concession in his opposition brief that he is "[w]aiting for [the] EEOC" alludes to a fatal defect in his attempt to pursue in this court the "Gender/Sex Discrimination" claim set forth in count 9 of his complaint.  The documents submitted by the parties in connection with the motion for summary judgment indicate that Despot first contacted the Equal Employment Opportunity Commission (hereinafter "EEOC") in January of 2002, even before Despot's employment had been terminated.

On January 24, 2002, the EEOC sent a letter and an "Intake Questionnaire" to Despot.  The evidence of record presented to us shows that the next step concerning the EEOC was on April 3, 2002, when Despot sent to the EEOC a document entitled "General Information Questionnaire."[1]  On that document is an area for the

---

[1] Although the parties have not addressed this point, it appears as though the "General Information Questionnaire" is the same document which the EEOC referenced in its letter to Despot as the "Intake Questionnaire."

7

individual to identify the "Protected Class(es)" to which he or she belonged.  Although there is a space for "Sex" to be checked, Despot did not make any notation in that space.  The "Protected Class(es)" noted by Despot on his "General Information Questionnaire" were "Age (40+)," "Retaliation," and "Other." Under the category of "Other," Despot listed "(1) Other protected classes, characteristics, and statuses protected by federal, state, or local law. (2) Marital status[; and] (3) Family status." (Despot's Brief in Opposition to Motion for Summary Judgment, Exhibit 41, p. 1)

In the portions of the "General Information Questionnaire" where Despot was required to describe in detail the circumstances underlying his claims, he simply stated "[v]arious details and documentation can be provided by either I [sic] or my attorney of choice at initial intake appointment." (Id., pp. 2, 3, 5)

According to the information provided to us, the EEOC did not respond to Despot's "General Information Questionnaire" until October 3, 2002, when it scheduled a telephonic appointment for 8:30 a.m. on Monday, November 18, 2002.  The purpose of that appointment was for Despot to discuss his allegations with an investigator. (Id., Exhibit 42)  By a facsimile dated and sent on Sunday, November 17, 2002, Despot informed the EEOC that he was employed and could not keep the scheduled appointment.  Instead of discussing his allegations with an investigator, Despot sent

8

with his facsimile a six-page summary of his claims.

The most recent relevant document referenced by the parties with respect to the EEOC is a facsimile sent to the EEOC by Despot on December 27, 2003.  In that document Despot requests the EEOC to "allow this Fax Memo to serve as a request to follow-up on the status of my formal complaint with the [EEOC] against Bankers Life and Casualty Company."  According to Despot, the EEOC did not respond to that request and the EEOC has not taken any further action pursuant to Despot's allegations.

Based on those undisputed facts, Bankers Life argues that it is entitled to summary judgment on Despot's "Gender/Sex Discrimination" claim because Despot has failed to exhaust his administrative remedies before pursuing the claim in federal court.

The Court of Appeals for the Third Circuit has long held that

> [t]he jurisdictional prerequisites to a suit under Title VII are the filing of charges with the EEOC and the receipt of the Commission's statutory notice of the right to sue. McDonnell Douglas Corp. v. Green, 411 U.S. 792, 93 S. Ct. 1817, 36 L. Ed. 2d 668 (1973).  These preliminary steps are essential parts of the statutory plan, designed to correct discrimination through administrative conciliation and persuasion if possible, rather than by formal court action. <u>While preliminary requirements for a Title VII action are to be interpreted in a nontechnical fashion</u>, Love v. Pullman Co., 404 U.S. 522, 92 S. Ct. 616, 30 L. Ed. 2d 679 (1972); Hackett v. McGuire Brothers, Inc., 445 F.2d 442 (3d Cir. 1971), <u>the aggrieved person is not permitted to bypass the administrative process</u>.  Conciliation rather than formal court proceedings remains the preferred method of settling disputes. Equal Emp. Op. Comm'n v. E. I. duPont de Nemours &

>Co., 516 F.2d 1297 (3d Cir. 1975); Fekete v. U. S. Steel Corp., 424 F.2d 331 (3d Cir. 1970).

Ostapowicz v. Johnson Bronze Co., 541 F.2d 394, 398 (3d Cir. 1976)(Emphasis added), *cert. denied,* 429 U.S. 1041, 97 S. Ct. 741, 50 L. Ed. 2d 753 (1977); *see also* Ebbert v. DaimlerChrysler Corp. 319 F.3d 103, 115 n.14 (3d Cir. 2003)(noting that the exhaustion of agency remedies, as opposed to receipt of a "right-to-sue letter," is "the actual prerequisite to a Title VII lawsuit").

In most cases the issue of whether a plaintiff has exhausted his or her administrative remedies arises in the context of a motion to dismiss filed pursuant to Federal Rule of Civil procedure 12(b). Under those circumstances no information beyond the pleadings is considered and if the complaint does not assert the exhaustion of administrative remedies the complaint is to be dismissed without prejudice to the plaintiff's right to pursue relief later in federal court after his or her administrative remedies are exhausted. *See* Robinson v. Dalton, 107 F.3d 1018, 1022 (3d Cir.1997)(concluding that a motion to dismiss a Title VII suit for failure to exhaust the EEOC process should be treated as a motion to dismiss for failure to state a claim).

The matter at hand differs from those cases in that the issue has been presented to us in the context of a motion for summary judgment, where the parties are required to substantiate their allegations with evidence of record. The specific question

to be resolved is whether Despot timely brought his allegations concerning <u>sexual</u> discrimination to the attention of the EEOC.

The law requires a charge of discrimination to be filed with the EEOC "within one hundred and eighty days after the alleged unlawful employment practice occurred." 42 U.S.C. §2000e-5(e)(1).[2]  As noted above, Despot did not indicate on the "General Information Questionnaire" that his claims dealt with any "sex" based discrimination.  The first time that Despot notified the EEOC of any such claim was in his facsimile dated November 17, 2002.  Based on those facts it appears that Despot did not file his sexual discrimination claim with the EEOC within one hundred and eighty days of the last allegedly unlawful employment practice, which was his termination effective on February 28, 2002.  It is possible that Despot is now barred from pursuing that claim before the EEOC.

Under these circumstances, courts have, on occasion, proceeded to enter a judgment against the plaintiff if the undisputed facts show that his or her administrative remedies have not been exhausted <u>and</u> the plaintiff is for some reason barred from pursuing those remedies in the future. *See* Swick v. United Parcel Service, Inc., No. Civ.A.02-3254, 2005 WL 1793723,

---

[2]That same section extends the one hundred and eighty day deadline to three hundred days if the aggrieved individual files the charges with both the EEOC and the appropriate state or local agency.  There is no indication in this case that Despot filed his sexual discrimination claim with any other agency.

*4 (D.N.J. July 26, 2005)(Greenaway, J.); Rodriguez v. U.S. Postal Service, No. Civ. A. 04-916, 2005 WL 486610, *4 (E.D. Pa. March 1, 2005) (Buckwalter, J.).  We carefully considered following those decisions, granting Bankers Life's summary judgment motion, and entering judgment in Bankers Life's favor.

However, we have chosen not to follow that course for two reasons.  The first is that Despot is proceeding *pro se* and he may not have realized that the issues relating to his EEOC proceedings would be addressed at this juncture.  Although Despot was adequately advised that the exhaustion issue needed to be addressed, neither party discussed in the briefs the related, but different, issue of whether Despot is now barred from pursuing his sex discrimination claim before the EEOC.  The second and far more significant reason is that the evidence of record is vague as to 1) the precise status of Despot's pending EEOC proceedings, 2) whether he presented his sexual discrimination claim to the EEOC in a timely manner, and 3) whether he may pursue his sexual discrimination claim before the EEOC.  We are of the view that the most prudent course based on the unique circumstances of this case is to allow a full factual and procedural record to be developed by the EEOC before a judgment in federal court is entered on Despot's sexual discrimination claim.

For those reasons we will grant Bankers Life's motion for summary judgment in part by dismissing Despot's "Discrimination

(Gender/Sex)" claim in count 9 without prejudice.  We will deny the motion in all other respects.

NOW, THEREFORE, IT IS ORDERED THAT:

1. Bankers Life's motion for summary judgment (Document 19) is granted in part and denied in part as provided in paragraphs 2 and 3 of this order.

2. Despot's "Discrimination (Gender/Sex)" claim in count 9 is dismissed without prejudice.

3. Bankers Life's motion for summary judgment (Document 19) is denied in all other respects.

<div style="text-align: right;">s/Malcolm Muir<br>MUIR, U.S. District Judge</div>

MM:ga